{¶ 111} I concur in the majority's analysis and disposition of appellant's second, third, fourth, fifth and sixth assignments of error. I further concur in the majority's disposition of appellant's first assignment of error but do so for a different reason.
 {¶ 112} The majority finds ". . . the trial court correctly overruled L M's challenge concerning Ms. Samblanet's authority to enter into a lease agreement. Ms. Samblanet was, in essence, an employee of Ms. Schopp and therefore, could testify about her scope of authority to enter into agreements." Maj. Op. at para. 55.
 {¶ 113} As noted in the majority opinion, the trial court overruled appellant's objection because it also found Ms. Samblanet was, in essence, an employee of the original lessor [Alliance Commercial Properties]; therefore, an employee of Ms. Schopp [appellant]. I suggest Ms. Samblanet's relationship status to appellant is irrelevant. It is not Ms. Samblanet's testimony concerning her scope of authority to enter into a lease agreement to which appellant objects.[1] Rather, it is Ms. Samblanet's testimony as to what her bosses [the declarants elsewhere identified as officers or owners of Alliance Commercial Properties] told her were the terms of the subsequent verbal agreement modifying the original written lease between Alliance Commercial Properties and appellees. That testimony, whether relayed through Ms. Samblanet or any other witness is not hearsay, by definition, because it is an admission by a party-opponent. See Evid. R.801(D)(2).
[1] To this extent I believe the majority misinterprets appellant's argument. While I agree Ms. Samblanet could testify about the scope of her authority to enter into lease agreements, it is not that portion of her testimony which appellant challenges.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.